UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-117-WTL-WGH |
| | ) | |
| BRUCE LEMONS, Commissioner, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISCUSSING PARTIAL MOTION TO DISMISS**

Having considered the second amended complaint, the answer to the second amended complaint, and the defendants' partial motion to dismiss, and being duly advised, now finds that the partial motion to dismiss [35] must be granted. This conclusion is based on the following facts and circumstances:

1.  Plaintiff Ludy claims in this action that his federally protected rights related to his diet and religious beliefs were violated while he was confined at the Putnamville Correctional Facility. He seeks injunctive relief and compensatory and punitive damages. The operative pleading setting forth Ludy's claims is the second amended complaint filed on August 8, 2012.

2.  Through their partial motion to dismiss, the defendants challenge the legal sufficiency of the second amended complaint based on Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)), which in turn requires sufficient factual allegations to permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged, *id.* at 556. On the other hand, a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823 (7th Cir. 2011).

3.  The facts pertinent to resolution of the defendants' motion lie in the nature of Ludy's claims and in his transfer to another prison while this action was pending. Specifically, on or about November 23, 2012, Ludy was transferred from the Putnamville Correctional Facility to the Miami Correctional Facility. This is shown in the memorandum to the clerk filed by the plaintiff on November 26, 2013.

4.  "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted). Ludy's transfer renders his claim for injunctive relief moot. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same). A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

5.  Ludy asserts claims pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq.* ("RLUIPA").

    a.  The Supreme Court has recently held that RLUIPA does not provide for damages against officials in their official capacities. *Sossamon v. Texas,* 131 S. Ct. 1651, 1661 (2011).

    b.  The Third, Fourth, Fifth, Seventh, Tenth, and Eleventh Circuits have taken the view that personal capacity claims for monetary damages under RLUIPA are barred. *See Sharp v. Johnson,* 669 F.3d 144, 154 (3d Cir. 2012); *Rendelman v. Rouse,* 569 F.3d 182, 189 (4th Cir. 2009) (in enacting RLUIPA, Congress did not state with sufficient clarity an intent to subject an individual to damages); *DeMoss v. Crain,* 636 F.3d 145, 151 (5th Cir. 2011) (RLUIPA does not create a cause of action for damages against defendants in their individual capacities); *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012); *Nelson v. Miller,* 570 F.3d 868, 886–89 (7th Cir. 2009) (as a statute enacted pursuant to the Spending Clause, RLUIPA does not apply to those not receiving federal funds); *Stewart v. Beach,* 701 F.3d 1322, 1335 (10th Cir. 2012); *Hathcock v. Cohen,* 287 Fed. Appx. 793 (11th Cir. 2008). District courts in the Seventh Circuit, including this court, have done likewise. *E.g. Pettiford v. Davis,* 2012 WL 2577499, *11 (S.D.Ind. 2012); *Easterling v. Pollard,* 2012 WL 666797, *6 (E.D.Wis. 2012). These authorities are persuasive, as well as compelling.

    c.  Ludy also cannot obtain damages pursuant to 42 U.S.C. § 1983 against the defendants in their official capacities as employees of the Indiana Department of Corrections because in their official capacities the defendants are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

6.  The partial motion to dismiss [dkt 35] is therefore **granted.** The result is that all claims pursuant to the RLUIPA and all official-capacity claims against the defendants are **dismissed**.

7.  No final judgment shall issue at this time as to the claims dismissed in this Entry.

**IT IS SO ORDERED.**

Date:   05/01/2013

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Lamont Ludy, #865455
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914

Electronically Registered Counsel